# Commonwealth *v.* Mulferno, Appellant.

*Criminal law—Murder—Dying declarations—Evidence—Lying in wait—Harmless error—Evidence—Res gestæ.*

1. On the trial of an indictment for murder, statements of the deceased are admissible as dying declarations, where it appears that they were made in the presence of the prisoner, who did not deny them; that they were made at the place where deceased was shot, also in the automobile which carried him to the hospital, and also in the hospital shortly before he died; that they described the way in which he was shot by the prisoner; that they were corroborated by another witness; that they were accompanied by statements of belief that he was about to die, and that his condition was such as to warrant him in so believing; some of these statements were admissible as part of the res gestæ.

2. Concealment by a murderer for the purpose of taking his victim unawares, however accomplished, is sufficient to establish the fact of lying in wait; and such concealment may be done in the grass, or the bushes, or in any other favorable location.

3. The refusal of the court in a murder trial to admit in evidence a pad offered to show the effect of gunshot wounds on clothing at various distances is not reversible error, where it appears that the pad was subsequently admitted.

Argued May 5, 1919. Appeal, No. 54, Oct. T., 1919, by defendant, from judgment of O. & T. Clarion Co., Aug. Sessions, 1918, No. 2, on verdict of guilty of murder of the first degree in case of Commonwealth v. Tony Mulferno. Before Brown, C. J., Moschzisker, Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Indictment for murder. Before Sloan, P. J.

Verdict of guilty of murder of the first degree upon which judgment of sentence was passed. The defendant appealed.

*Errors assigned* were various rulings on evidence.

*Geo. F. Whitmer,* with him *J. V. Frampton,* for appellant.

*A. A. Geary,* with him *D. M. Geist,* District Attorney, for appellee.

Opinion by Mr. Justice Kephart, June 21, 1919:

The defendant was found guilty of murder of the first degree. On the 31st of July, 1918, Tom Perello was killed while walking along a path through an unfrequented part of the town where the shooting took place. It was pay day at the mines, and he was walking on this path to the office of the mining company that employed him. The defendant was seen in this vicinity in the afternoon, a few hours before Perello left for the office, and it was the theory of the Commonwealth that he lay concealed in the grass and bushes until Perello had passed, then shot him in the back. Perello, when struck, started to run away; the defendant, intent on killing, pursued him, firing as he ran. They proceeded a short

distance, when Perello turned on his assailant and grappled with him. In the struggle the defendant used a razor, which Perello took from him. Perello succeeded in overpowering the defendant, then called for help. A number of people quickly gathered, and the statements then made, and in substance repeated at other times, form the basis of the several assignments of error, on which the defendant asks for the reversal of the judgment which condemned him to death for felonious homicide.

Perello stated, in the presence of the defendant, how Tony had shot him and tried to kill him with the razor. The defendant did not deny this charge; his victim stated that he was about to die, he had, in fact, collapsed from loss of blood, and was carried to his home and thence by automobile to the Butler hospital. On his way to the hospital, he told a relative how the shooting occurred, prefacing his remark with a statement as to approaching death, and expressed the desire that his wife and children be taken care of. At the hospital, after the surgeon stated it was impossible to operate and death was but a question of hours, Perello again expressed his belief that he could not live and, to those present, again, in some detail, was related the story of the shooting. The appellant contends that all of these statements—those made in the open field, where Perello was shot, in the automobile on the way to the hospital, and at the hospital —were not such dying declarations as should have been admitted in evidence. We realize the force of the suggestion, that dying declarations possess an impressiveness, which is sometimes out of all proportion to their evidentiary value, and the court and jury may sometimes have their better judgment overridden by the admission of such statements; having the effect of sweeping away their impartial attitude, and substituting for it the emotional element, as presented by the picture depicted by the dying man; and, it is on this account, courts have imposed a certain strictness on the admission of these

declarations. There is no reason, in the present case, to criticise their admission, as the record shows every precaution was taken to insure competent evidence. The deceased, no doubt, was impressed with his serious condition. He had received two mortal wounds, and felt his strength quickly going from him. His remarks cannot be attributed to a person who, on the slightest suspicion of weakness from wounds, immediately imagines he is going to die. His condition was such as to warrant him in believing, as he expressed it, that he was going to die. Some of the statements were admissible as part of the res gestæ. There is corroborative evidence of these declarations. A witness who saw the tragedy from across the valley, a short distance away, describes the scene just as the deceased detailed it at the hospital.

The evidence warranted a finding by the jury that the defendant did lie in wait. Concealment, for the purpose of taking his victim unawares, however accomplished, is all that is necessary. It may be done in the grass, or the bushes, or in any other favorable location.

The objection to the threats offered in evidence is without merit. They were sufficient to sustain the Commonwealth's contention that the defendant was actuated by malice. While the court might have been in error in refusing to admit the pad offered, for the purpose of showing the effect of gunshot wounds on clothing at various distances (we do not so decide), the pad was later admitted, and whatever error there might have been was cured by this admission.

The charge of the court was fair, the case was submitted to the jury without any show of feeling, and though some of the assignments of error are not in proper form, we have duly considered all of them. They do not present any reversible error.

The judgment is affirmed and the record is remitted for the purpose of execution.